# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GEORGE CHARLES HARRIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-00527-LSC-SGC |
| LESLIE HOOD, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on December 7, 2021, recommending the defendants' special report be treated as a motion for summary judgment and further recommending the motion be granted. (Doc. 36). Accordingly, the magistrate judge recommended the plaintiff's claims (1) he failed to receive timely notice of a disciplinary charge in violation of his due process rights and (2) his confinement in a padded cell violated his due process rights and constituted cruel and unusual punishment be dismissed because the plaintiff failed to exhaust his administrative remedies with respect to these claims, as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). (Doc. 36). Finally, the magistrate judge recommended the plaintiff's pending motions be denied as futile or moot. (Doc. 36). The plaintiff filed timely objections to the report and recommendation. (Doc. 37).

Most of the plaintiff's objections address the merits of his claims, the purported withholding or destruction of evidence he believes would support his claims, or what he believes to be disputed facts regarding the date on which one of the defendants became aware of his claims. These matters are irrelevant to the question whether the plaintiff exhausted his administrative remedies with respect to the claims.

The plaintiff takes issue with the grievance process in place at the Shelby County Jail, where he was confined when his claims arose, characterizing it as a "façade" designed as "an escape hatch for the accused" and suggesting it violates his constitutional rights. (Doc. 37 at 1, 2). These are conclusory assertions, unsupported by any facts. As such, they are not sufficient to relieve the plaintiff of the administrative exhaustion requirement. *See Williams v. Barrow*, 559 F. App'x 979, 988 (11th Cir. 2014) (holding plaintiff's conclusory allegation he failed to exhaust his administrative remedies because of escalating retaliation "[did] not come close" to satisfying the standard for relief from exhaustion requirement); *Kozuh v. Nichols*, 185 F. App'x 874, 878 (11th Cir. 2006) (rejecting plaintiff's assertion he was thwarted from bringing his grievances or that the grievance process was otherwise unavailable to him where there was no evidence to support the assertion).

Finally, the plaintiff asserts Captain Bedsole responded to his grievances, either directly or in the sense that he, Lieutenant Sumners, and Lieutenant Laatsch

"were intercepting the grievances [], discussing between themselves how to respond[,] and [giving] other officers the 'exact' words to use." (Doc. 37 at 2, 5, 6). If Captain Bedsole and the lieutenants "were in essence already responding to the grievances," he asks, "why then would [he] [] later[] need to appeal to these same officers?" (Doc. 37 at 2, 5, 6).

The record reveals (1) electronic communications from Lieutenant Sumners to lower-ranking officers regarding various of the plaintiff's grievances, not all of which are relevant to this action, instructing the lower-ranking officers when and/or how to respond to the grievances (Doc. 16-4 at 15, 17, 32); (2) an electronic communication from Lieutenant Laatsch to Lieutenant Summners asking whether the latter had handled the plaintiff's request for information regarding how to file a petition for a writ of habeas corpus (Doc. 16-4 at 19); (3) electronic communications between Captain Bedsole and Lieutenant Laatsch regarding the plaintiff's request for access to a law library (Doc. 16-4 at 25-26); and (4) one instance where Captain Bedsole responded directly to a duplicate grievance filed by the plaintiff regarding his request for access to a law library (Doc. 16-4 at 30).

The plaintiff does not assert any claim in this action regarding his request for information regarding how to file a petition for a writ of habeas corpus or his request for access to a law library. Therefore, the communications regarding the subject

3

between and among Lieutenant Laatsch, Lieutenant Sumners, Captain Besole, and the plaintiff have no bearing on the administrative exhaustion question at hand.

To the extent the plaintiff argues the instructions Lieutenant Sumners gave to lower-ranking officers regarding relevant grievances should be viewed as satisfying a step in the Shelby County Jail's grievance process, the argument does not save this action from dismissal.  Even if the court were to accept the plaintiff's argument, it still would conclude the plaintiff failed to exhaust his administrative remedies with respect to the claims asserted in this action because the plaintiff did not appeal to the Assistant Division Commander or Captain, as required by the grievance process in place at the Shelby County Jail.  (*See* Doc. 16-1 at 35; Doc. 16-4 at 21; Doc. 36 at 9-10, 13).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **OVERRULES** the plaintiff's objections for the reasons stated above, **ADOPTS** the magistrate judge's report, and **ACCEPTS** her recommendations. Accordingly, the court **ORDERS** that the defendants' motion for summary judgment (Doc. 16) is **GRANTED** and the plaintiff's claims are **DISMISSED**.  The court **FURTHER ORDERS** that the plaintiff's pending motions (Docs. 19, 20, 22-28, 31) are **DENIED**.

**DONE** and **ORDERED** on February 3, 2022.

_____
L. Scott Coogler
United States District Judge

160704